## Alex. W. McClure

*v.*

## Edwin Walker *et al.*

*Filed at Ottawa March 28, 1882—Rehearing denied September Term, 1882.*

LIMITATION—WRIT OF ERROR—*in cases arising under the Burnt Records act.* The limitation of twelve months from the entering of the final decree in a suit instituted under the Burnt Records act of 1872, within which a writ of error may be sued out, as provided in the 16th section of that act, applies to cases of that character which may have been determined in an Appellate Court, as well as to cases where the writ of error is sought to be sued out of the Supreme Court to a circuit court.

WRIT OF ERROR to the Appellate Court for the First District.

This was a motion to dismiss the writ of error upon the ground it was not sued out in proper time.

Mr. I. K. BOYESEN, and Mr. A. H. LAWRENCE, for the motion.

Messrs. MERRIAM & WHIPPLE, *contra.*

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is a motion to dismiss the writ of error on the ground the writ was not sued out within one year after the rendering of the decree, as provided by the 16th section of the act of 1872, commonly known as the Burnt Records act.

It appears that on the 20th of August, 1878, the circuit court of Cook county entered the original decree in this case, and that it was subsequently removed by writ of error to the Appellate Court for the First District, where on the 2d of April, 1879, the decree of the circuit court was reversed, and a final decree entered in the cause by the Appellate Court,

to reverse which, on the 12th of January, 1882, the present writ of error was sued out. As more than twelve months intervened between the rendering of the decree and the suing out of the writ, and as the Burnt Records act was passed before the act establishing Appellate Courts, and consequently judgments in those courts were not specifically mentioned, the question is presented by the present motion whether this case is to be governed by the general limitation law of five years, or the limitation of one year under the Burnt Records act.

While the question is not entirely free from doubt, we are of opinion the object of the legislature in adopting the latter act, and the public interests, will be best subserved by holding the limitation of one year applies, and we accordingly so hold. Had the case been brought from the circuit court to this court, there is no question but that the limitation of one year would apply, and to hold the limitation of five years applies in cases coming from the Appellate Courts to this court, would be to make the period of limitation depend in every case upon the accidental and inconsequential fact of whether the cause came here from the one or the other of those courts, and this could hardly have been intended by the legislature. The construction which we have given the several provisions of the statute relating to this question, makes this period of limitation uniform in all cases arising under the Burnt Records act, without regard to the court from which they may be brought to this court.

The motion to dismiss the writ of error is sustained.

*Writ of error dismissed.*

Walker and Scott, JJ., dissenting.